UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

          Petitioner,           Case No. 1:16-cv-423

v.                                   Honorable Robert Holmes Bell

SHANE JACKSON,

          Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF). He is currently serving sentences imposed on two separate dates by the Wayne County Circuit Court: on May 26, 1998, following Petitioner's guilty plea to two counts of third-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520d(1)(b); and on October 29, 2008, following Petitioner's plea of nolo contendere to two counts of kidnapping in volation of MICH. COMP. LAWS § 750.349, and six counts of first-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520b(1)(c).

This is the twelfth habeas petition Petitioner has filed in this Court. He has filed many more in the Eastern District of Michigan. Petitioner filed several petitions relating to the convictions and sentences described above, but this petition does not challenge those convictions or the sentences that followed. Instead, Petitioner challenges two major misconduct determinations and the resulting "sentences": a total of eighteen days of lost privileges.

The first misconduct report was written as a Class II misconduct charging Petitioner with being out of place and possessing stolen property. (ECF No. 1-1, PageID.10.) It occurred before Petitioner arrived at LRF, while he was housed at Kinross Correctional Facility (KCF) in Michigan's upper peninsula. Inspector Corrigan, the reporting staff member, described the violation as follows:

> On March 21, 2016 at 2126 Prisoner Smith 267009 was directly observed, using the facility captured video footage standing in from of the F Unit ARUS Office. Smith 267009 was then observed entering the ARUS Office and was observed tucking an object under his white T Shirt. At 2234 on the same night, March 21, 2016 Smith 267009 was directly observed leaving the unit quiet room and he removes a blue square item from . . . under his White T Shirt and he kicked it under the door of the ARUS Office. Office[r] Peffers reported that when he opened the ARUS Door at

> 2240 he observed a file on the floor that was Smith's file. Smith 267009 had no staff authorization to be inside of the ARUS's Office or to be in possession of a blue prisoner file. Smith id'ed by OTIS Facesheet.

(*Id*.) According to the hearing report, Petitioner pleaded guilty to being "out of place" and was determined to be not guilty of "possession of stolen property/theft." (*Id*. at PageID.11) Petitioner was penalized with three days' loss of privileges. (*Id*.)

Petitioner indicates that he did not plead guilty. He appealed the misconduct finding. Petitioner earned the second ticket while appealing the first. On April 18, 2016, Deputy Warden Kowalski wrote a Class II misconduct ticket charging Petitioner with possession of forged documents/forgery:

> On 4-18-16 I received a Class II appeal form (CSJ-274) from prisoner Smith 267009 appealing an "out of Place" misconduct he received at KCF on 3-21-16. Attached to the appeal was a photo copy of a Prisoner Pass (CSJ-183) that is clearly forged. The writing for the dates it is valid has clearly been altered, daily pass[es] are just that[,] daily passes[.] [T]hey are not written for more than one day. Prisoner passes are not written for prisoners to be out working in . . . their housing units. Prisoners are not allowed to keep daily passes they are to be returned to staff once callout is com[p]lete. The only reason prisoner Smith would have this pass is [a]n attempt to m[a]nipulate the appeals process. Prisoner also does not have access to a photo copier to make copies of this type of paperwork.

(ECF No. 1-1, PageID.12.) Petitioner was found guilty and sanctioned with fifteen days' loss of privileges. (*Id*.)

Petitioner challenges the findings that he was guilty of either violation. He contends the proceedings violated his right to due process and asks the Court to reverse the sanctions and dismiss the tickets.

**Discussion**

This Court must "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a) (emphasis supplied).  A proper habeas corpus application challenges "the fact or duration of . . . physical confinement itself," it seeks "immediate release or a speedier release from that confinement. . ." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).  "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, . . . and a complaint under . . . 42 U.S.C. §1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . requests for relief turning on circumstances of confinement may be presented in a §1983 action."  *Muhammad v. Close*, 540 U.S.749, 750 (2004) (citations omitted).

Petitioner attempts to bring his complaint within the scope of the habeas statute by stating that the misconduct determinations "have affected the DURATION OF MY PRISON SENTENCE . . . ."  (ECF No. 1, PageID.1.)  There are circumstances where a prison disciplinary proceeding might affect the duration of confinement by forfeiting "good-time" credits.  *See Wolff v. McDonnell*, 418 U.S. 539 (1974).  But misconduct convictions in Michigan do not presently have that effect.  The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted of crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system.  MICH. COMP. LAWS § 800.33(5).

does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). Because the misconduct convictions affected neither the fact nor the duration of Petitioner's confinement, the petition does not raise issues cognizable on habeas review and it must be dismissed.

        The petition is alternatively properly dismissed because Petitioner is unable to establish an underlying violation of the Constitution, laws or treaties of the United States. He contends that the misconduct proceedings violated his right to due process. But, for the same reason that Petitioner's complaint falls outside the protections of the habeas corpus statute, it falls outside the protections of the due process clause. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

        A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint

imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). As set forth above, Petitioner's misconduct convictions did not affect the duration of his sentence. The convictions also did not result in a significant, atypical deprivation. The only deprivation mentioned is a temporary loss of privileges. The *Wolff* court described loss of privileges as a "lesser penalt[y]" that would not warrant "the procedures required by today's decision . . . ." *Wolff*, 418 U.S. at 571 n. 19; *see also Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (14 day loss of privileges is not atypical and significant); *Dixon v. Morrrison*, No. 1:13-cv-1078, 2013 WL 6512981 at *7 (W.D. Mich. December 12, 2013) (15 day loss of privileges is not atypical and significant). The sanction of lost privileges here is not sufficiently significant or atypical to warrant due process protection. Petitioner has failed to allege any violation of the Constitution, laws, or treaties of the United States.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: May 27, 2016 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE